IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MELVIN DAVIS JOHNSON, | CIVIL ACTION |
|---|---|
| Plaintiff, | NO. 16-86 |
| v. | |
| CITY OF PHILADELPHIA, et al, | |
| Defendants. | |

## **MEMORANDUM OPINION**

Schmehl, J.   /s/ JLS                                                                                    March 27, 2018

## I.    INTRODUCTION

On January 8, 2016, Plaintiff, Melvin Davis Johnson, filed a Complaint against the City of Philadelphia ("City"), Bruce Herdman, Corrections Officers John Doe # 1-10, Corizon Health, Inc., Corizon Doctors John/Jane Does #1-5, Corizon Nurses/Health Care Providers and Corizon Nurses/Health Care Providers John/Jane Does #1-5. Plaintiff has only achieved service in this matter on the City. On July 26, 2016, the City filed a Motion to Dismiss the Complaint, and on February 2, 2017, the Honorable Legrome D. Davis granted the motion in part and denied it in part, dismissing Bruce Herdman from this action in his official capacity. After discovery, the City filed a Motion for Summary Judgment. For the reasons that follow, I will grant the City's Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine dispute as to any material

fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) (*citing Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

### III. STATEMENT OF FACTS

On October 12, 2013, Johnson jumped out a two-story window because people were looking for him with a gun. They wanted to get him because he was being accused of another aggravated assault. (Docket No. 29-2, Ex. F, pp.14-15.) He hung out the window and let go, landing on the ground and twisting his ankle. (*Id.*, pp. 15-16.) Plaintiff was arrested on November 1, 2013. (Compl., ¶ 20.) Plaintiff sustained a serious

ankle fracture and had to undergo surgery on November 20, 2013. (*Id.*, ¶¶ 20-22, Docket No. 29-2, Ex. D, p. 58.) He had a cast put on his foot that was only supposed to be on for a couple of weeks. (Pl's dep, Docket No. 29-2, Ex. F, pp. 35-36.) Plaintiff was supposed to have a follow up appointment on December 19, 2013, but he couldn't attend the appointment because he had a court date. (*Id.*, Ex. F, p. 38.) Sometime after December 19, 2013, Plaintiff fell in the shower and got his cast wet. (*Id.,* Ex. F, pp. 39-40.) On December 29, 2013, Plaintiff informed the prison that he wanted to be seen by the medical staff because his foot was swelling and his toes were throbbing and he was in pain. (*Id.,* Ex. D, p. 75.) He thought his foot was infected because the cast smelled. (*Id.,* Ex. F, p. 45.)

On December 31, 2013, Plaintiff was seen by the prison medical department. (*Id.*, Ex. D, p. 170.) On January 12, 2014, Plaintiff filed a sick call slip because his toes were throbbing. (*Id.*, Ex. D, p. 77.) X-rays were ordered, and it was noted that an orthopedic follow up appointment was pending. (*Id*.) On February 3, 2014, Plaintiff was treated at the prison for an infection and the area was debrided at the right ankle. (*Id.*, Ex. D, p. 119.) On February 6, 2014, Plaintiff was seen at Temple Foot and Ankle Institute and his wound was debrided. Possible surgical intervention was discussed. (*Id.*, Ex. D, p. 89.) On February 10, 2014, Plaintiff had a right ankle reconstruction with left osteocutaneous fibula free flap. (*Id.*, Ex. D, pp. 252, 257.) On February 13, 2014, Plaintiff required an amputation because the flap procedure that was attempted but failed because of very poor blood flow. *(Id*., Ex. D, pp. 255, 239.)

The Philadelphia Prison System has a grievance process, which applies to all inmates. (Docket No. 29-2. Exh. A) The grievance procedure requires that all inmates file

their grievance within 10 days of a grievable event. (*Id*.) Deputy Warden Frederick Abello ("Abello"), the Grievance Officer for the prison system, conducted a search for any and all grievances filed by Johnson. All inmates would have submitted all grievances to Abello pursuant to the prison policy. (Docket No. 29-2, Exh. B.) Abello found no evidence that Johnson ever filed a grievance. (*See id.*) Plaintiff received an inmate handbook when he was in the Philadelphia Prison System. (Docket No. 29-2, Exh. F, p.65.)

## IV. DISCUSSION

### A. UNSERVED DEFENDANTS

Plaintiff sued Corrections Officers John Doe # 1-10, Corizon Health, Inc., Corizon Doctors John/Jane Does # 1-5, Corizon Nurses/Health Care Providers and Corizon Nurses/Health Care Providers John/Jane Does # 1-5. A review of the dockets in this matter shows that none of these defendants have been properly served.

Plaintiff's Complaint was filed in this matter on January 8, 2016, and summonses were issued on February 1, 2016. On May 26, 2016, and again on June 27, 2016, Judge Davis ordered Plaintiff to effectuate service of process, warning him that the "Court may dismiss this action under Federal Rule of Civil Procedure 4(m) without further notice" if he failed to do so. On July 11, 2016, Plaintiff filed a proof of service that shows the City of Philadelphia was served on July 5, 2016. (*See* Docket No. 7.) On July 18, 2016, Plaintiff's summons was returned unexecuted as to "John Doe Corrections Officers." (*See* Docket No. 8.) No further efforts at service were made.

Rule 4(m) provides that if the plaintiff fails to serve a defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action

4

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 4(m) "require[s] a court to extend time if good cause is shown and... allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

In the instant matter, Plaintiff has failed to complete the required tasks for the timely service of the summonses and complaint upon the defendants, Corrections Officers John Doe # 1-10, Corizon Health, Inc., Corizon Doctors John/Jane Does # 1-5, Corizon Nurses/Health Care Providers and Corizon Nurses/Health Care Providers John/Jane Does # 1-5, in over two years. Further, Judge Davis provided Plaintiff with notice that these defendants could be subject to dismissal if they weren't properly served on two occasions. Accordingly, I find no reason to further extend the time for service, and I will dismiss Plaintiff's claims against these unserved defendants under Rule 4(m). As the time in which Plaintiff could bring suit against these defendants has long since expired, this dismissal will be with prejudice.

Further, as counts I, II and IV of Plaintiff's Complaint are only directed at these defendants, those counts will be dismissed for failure to serve. Accordingly, all that remains of Plaintiff's Complaint is Count III, which is a § 1983 action against the City of Philadelphia for a custom and policy of unconstitutional conduct.[1]

---

[1] To the extent that Counts I and II are directed to the City on behalf of the John Doe Correctional Officers, summary judgment is granted to the City these counts as service on the correctional officers never occurred. Further, to the extent that Count II attempts to prove a conspiracy between the John Doe Correctional Officers and Corizon, no evidence is presented which would implicate the City in such a conspiracy and this Count is also dismissed on that basis. Lastly, Count IV is a negligence count directed to Corizon and Corizon John Doe Doctors only, and summary judgment is appropriate for the City on that count as well.

## B. CITY OF PHILADELPHIA

Count III of Plaintiff's Complaint alleges a custom and policy of conduct by the City of providing inadequate medical care to inmates by contracting with Corizon. In response, the City first argues that Plaintiff failed to exhaust his administrative remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 . . .by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

In the instant matter, the City argues that Plaintiff has failed to exhaust his administrative remedies, and in support presents an affidavit from Deputy Abello, Deputy Warden for Administration in the Philadelphia Prison System. (*See* Docket No. 29-2, Ex. B.) Abello's affidavit states that any grievances filed by Plaintiff would have to be submitted to him, and that he reviewed all of the grievance records and found none filed by Plaintiff concerning any medical issue. (*Id.*, Ex. B., ¶¶ 4, 6-7.) However, at deposition, Plaintiff testified that he "put a grievance slip in" related to his medical issues and got no response. (*See* Docket No. 29-2, Ex. F, pp. 41-43.) Accordingly, there is a genuine issue of material fact as to whether Plaintiff properly submitted a grievance, and I cannot grant the City's motion for summary judgment on this issue.

Next, the City argues that Plaintiff has failed to point to an official policy or informal custom that was deliberately indifferent to his constitutional rights.[2] Under the

---

[2] To the extent Plaintiff is attempting to recover against the City for acts of its employees, no cause of action exists under § 1983, as the Third Circuit has routinely rejected respondeat superior liability in § 1983

standard set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) municipal liability exists under § 1983 only when constitutional injury results from the City's official policy or informal custom. *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). In order to be successful in his claim against the City, Plaintiff must identify a custom or policy and specify exactly what that custom and policy was. *McTernan v. City of New York*, 561 F.3d 636, 658 (3d Cir. 2009).

Plaintiff's Complaint sets forth his *Monell* allegations in paragraphs 61 through 70. Although these paragraphs were specific enough to allow Plaintiff to avoid dismissal of his claim on a motion to dismiss, a motion for summary judgment requires more than conclusory allegations of a policy and custom. An examination of the record in this case shows that there is no evidence whatsoever to support Plaintiff's claims of a policy or custom. There is no deposition testimony, no documents and no affidavits that support the existence of a policy or custom of deliberate indifference in this matter. As unfortunate as it is that Plaintiff's ankle injury resulted in a poor outcome for him, he cannot prove a policy or custom of deliberate indifference to his medical needs in this matter without any evidence of the same. Therefore, I will grant the City's motion for summary judgment.

Further, Plaintiff's policy and custom claim must also fail because he has failed to produce any evidence to identify the final decision maker of the custom and policy that he claims the City put into place. To succeed on a *Monell* claim, a plaintiff must also identify the municipal entity's final policymaker. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 135 & n. 11 (3d Cir. 2010). A policymaker is an official with "final,

---

cases. *Phelps v. Flowers,* 514 F.App'x 100, 102 (3d Cir. 2013), *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

unreviewable discretion to make a decision or take an action." *Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990); *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). The plaintiff must show "a policymaker is responsible either for the policy or, through acquiescence, for the custom." *B.S. v. Somerset Cty.*, 704 F.3d 250, 274–75 (3d Cir. 2013).

Here, Plaintiff cannot defeat the motion for summary judgment as to a final policymaker because he has presented no evidence whatsoever as to the identity of said final policymaker. In Plaintiff's Complaint, he identifies Bruce Herdman as an individual who has final decision making authority, but offers no evidence as to Herdman's power and responsibilities, who he reports to, if anyone, or whether he must get approval before enacting policy. Plaintiff has no evidence as to the identity of the final policymaker; accordingly, Defendant's Motion for Summary Judgment will be granted on this basis as well.

## V. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment is granted and this matter is dismissed with prejudice.

.